OPINION OF THE COURT
Nat H. Hentel, J.
This action arises out of a charter air flight which was scheduled to depart from J.F.K. International Airport for Athens, Greece, on July 5, 1985. Plaintiff purchased two tickets from Tourlite International, Inc., the organizer of the charter flight through McPherson Travel Bureau, Inc., which *503 acted as Tourlite’s agent to recruit passengers for the charter flight in question.
On or about June 16, 1985, an airplane hijacking occurred involving a flight from Athens. On or about June 18, 1985, the United States Department of State issued a "travel-advisory” warning air travelers of lax security at the Athens Airport. However, the flight was not canceled nor was travel of American citizens to Athens prohibited. In fact, no restrictions at all were placed on air travel to and from Athens.
Plaintiff, by his letter of June 20, 1985, addressed to Tour-lite, opted to cancel his trip, and demanded a full air ticket refund citing the hijacking as his principal reason for doing so. The charter flight nevertheless flew to Greece on July 5, 1985, without incident, and with 461 passengers aboard, with only 24 seats open for reasons not specified in the testimony or proof.
Thereafter, plaintiff brought this small claims action against Tourlite to recover $1,444, apparently the cost of two round-trip tickets to Athens.
Tourlite thereupon impleaded as third-party defendants, Tower Air, Inc., and National Airlines, Inc., from whom it had rented two airplanes for the flight to and return from Athens. Plaintiff had no dealings or privity with Tower or National. Tourlite also impleaded McPherson Travel as a third-party defendant.
Plaintiff, in making arrangements for his trip to Greece, did not purchase travel insurance. He was given a Tourlite brochure anent 1985 charter tour flight which stated on the rear page: "Cancellation and Refunds: if you cancel your reservation, your right to receive a refund is limited, as set forth in the following schedule * * * if your notice is received by 21 or less days before departure your cancellation penalty will be: No Refund." Clearly, plaintiff unilaterally canceled his flight some 15 days short of the scheduled flight on July 5, 1985.
Since, at no point was the tour canceled by Tourlite, nor was the trip prohibited by any governmental agency, it is also clear that plaintiff has failed to establish his prima facie case for a refund. (See, Cordona v Tourlite Intl., Civ Ct, Small Claims Part, NY County, SC 7876/85, Nov. 7, 1985, Saxe, J.)
Accordingly, Tourlite is entitled to a judgment dismissing the complaint, without costs. The motions by Tower and National to dismiss the third-party complaints as brought *504 against them are granted. McPherson’s motion to dismiss complaint is also granted.